## PAUL J. KALMAN CO. v. GOLDSMITH METAL LATH CO.

(Circuit Court of Appeals, Seventh Circuit. July 28, 1924. Petition for Rehearing Overruled September 24, 1924.)

### No. 3384.

1. **Patents ☞328—1,251,150, for ceiling tie, held not infringed.**

The Widmer patent, No. 1,251,150, for a ceiling tie for suspending a ceiling from a concrete floor, claim 2, *held* not infringed.

2. **Patents ☞56—Devices held in analogous arts.**

A device to be embedded in a concrete post for attachment of wires thereto and one to be embedded in the bottom of a concrete floor for holding a ceiling suspended therefrom *held* in analogous arts.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Goldsmith Metal Lath Company against the Paul J. Kalman Company (by change of name now the Kalman Steel Company). Decree for complainant, and defendant appeals. Reversed, with directions to dismiss bill.

Charles F. Murray, of Chicago, Ill., for appellant.

Walter F. Murray, of Cincinnati, Ohio, for appellee.

Before ALSCHULER and EVANS, Circuit Judges, and LUSE, District Judge.

ALSCHULER, Circuit Judge. [1] The appeal is from a decree finding valid and infringed claim 2 of United States patent No. 1,251,150, December 25, 1917, to Widmer for a ceiling tie. The claim is as follows:

"A tie for suspending a ceiling from a concrete floor, said tie comprising a rigid portion adapted to be embedded in the under edge of the concrete, a flexible suspender supported thereby and projecting below the concrete, said rigid portion having a recess in its under side for housing said suspender during the construction of the floor, the upper end of said suspender projecting above said rigid portion to be imbedded in the body of the concrete."

Patent Fig. 8 is most nearly like the device alleged to infringe.

FIG. 8.

23 is a metal box open at the bottom, with opening in top through which stiff wire or rod projects, forming a metal ring above the box to be imbedded with the box itself in the body of the concrete. The rods or wires below are bent back into the box, so that the box may rest upon a false floor constituting the bottom of a form, and the concrete poured into the form, so that on removal of the false floor the flexible wires

within the box may be bent downward for the purpose of attaching thereto whatever is to be supported beneath. The figure shows the wires underneath the box bent downward after removal of the false floor, twisted about the object to be supported.

Appellant's device is substantially as follows:

There is a comparatively tall, open-bottomed box or housing mounted about the bent wire or rod 12, which extends downward and across within the box towards its bottom, as shown by dotted lines. Another wire or rod, 21, 22, is bent so that, when extended from the bottom of the housing it hangs suspended by hooks at the end, which engage the bottom of the first described wire or rod, so adjusted that the same suspended part may slide up into the housing, to enable the whole to be set upon the upper surface of the false floor, and held there by the prongs 18 as shown. When the cement is poured, the box and the wire or rod projections 12 become anchored in the concrete, and on removal of the false floor the sliding member 21, 22, drops or is drawn downward into position ready to support whatever may be attached thereto.

Appellant contends that, with the scope of claim 2 limited as it should be by the prior art and practice, its device does not infringe. It was common practice to imbed into the concrete ceiling wires and rods bent into various forms, with downwardly extending ends for holding whatever might be suspended thereon. The prior art shows some of such, which required the boring of holes in the false floor to accommodate the downwardly projecting part of the wire or rod. In the prior art appear devices of various kinds, showing an anchorage in the concrete, which extends into a cup or box which may rest upon the false floor until

the cement is hardened, and with nothing projecting below the false floor, but having means within the box for afterwards attaching a hook or bolt or screw for holding a suspended ceiling or other attachment. This is shown in United States patent to Brown, No. 827,723, 1906, to Francisco et al., No. 854,818, 1907, to Ahern, No. 1,004,-226, 1911, French patent No. 469,409, to Schott and Esch, 1914.

Instead of hooking into the anchored support, Widmer made his wires or rods continuous from the anchorage, bending them back into the box and straightening them out after the false floor is removed. It is apparent that what appellant did was little, if anything, more than hooking his support into the anchorage, which, in our judgment, in this state of the art, is sufficiently different from Widmer's plan to patentably distinguish it therefrom.

[2] Appellant, with much persuasiveness, contends that it followed quite literally the teachings of the patent to Gibbs, No 870,162, 1907, which was for a wire fastener to a cement post for supporting fence wire. Fig. 2 of that patent is:

It represents a cross-section of the post through the fastening device, which is a metal box anchored into the cement by means of the rod, 4, and holding member 3, hooked over the rod at 5. The process of setting into the post is not described, but it seems apparent that the boxlike contrivance might be set upon the lower face of a form, and when the completed post was removed member 3 would be there to receive the wire. It is contended for appellee that this is not an analogous art, but with this we do not agree. The place of use is not distinctive. In each there is a device for anchorage in a concrete structure for making attachment thereto—in the one case a fastening to hold a fence wire; in the other a wire or rod for supporting what may be desired. We cannot but regard them as analogous. Considering claim 2 in the light of the prior art, we are constrain-ed to hold that appellant's device does not infringe.

The decree of the District Court is reversed, with direction to dismiss the bill.